**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                      **CRIMINAL NO. 3:07-CR-13
(Judge Bailey)**

**KASEY TROY CAREY,**

    Defendant.

## ORDER DENYING MOTION FOR CREDIT FOR TIME SERVED ON STATE SENTENCE

On this day, the above-styled matter came before this Court upon consideration of the defendant's letter filed on January 25, 2012, which this Court will construe as a Motion for Credit for Time Served on State Sentence [Doc. 50]. On July 25, 2007, the defendant pled guilty in the above criminal action to a one (1) count Indictment charging him as a felon in possession of a firearm. Previously, on October 13, 2006, the defendant was arrested on unrelated West Virginia state charges. On March 29, 2007, the defendant entered a guilty plea, pursuant to a written plea agreement, to Count 1: Battery of an Officer (Case No: 06M-4827), and Count 2: Obstructing an Officer (Case No.: 06M-4828) in the Magistrate Court for Berkeley County, Martinsburg, WV. The defendant was sentenced on March 29, 2007, to a term of six months and one day, with credit since October 18, 2006. Five days after his initial arrest, on October 18, 2006, the defendant was again arrested on state charges for one (1) count of Felon in Possession of Firearm (Case No.: 06F-1102) in the Magistrate Court for Berkeley County, Martinsburg, WV. On March 29, 2007, that

1

case was dismissed in favor of Federal prosecution.

On April 3, 2007, the defendant was arrested on the federal firearms charge and appeared in this Court by writ [Doc. 8]. On April 19, 2007, the defendant was released on bond, after having completed his state sentence [Doc. 9].

On November 5, 2007, this Court sentenced the defendant to a term of seventy-seven (77) months imprisonment. The advisory guideline range applicable to the defendant was 77-96 months based on a total offense level of level 21, Criminal History Category VI. The defendant was further permitted to self surrender for service of his sentence on January 3, 2008 [Doc. 43]. This Court further *recommended* that the defendant be given credit for time served for his West Virginia Sentence from October 18, 2006, to April 19, 2007. This time period, however, represents the six month and one day sentence imposed on the unrelated state charges. The state felon in possession charge, on the other hand, was dismissed. Also important to the instant inquiry, this Court notes the Judgement and Commitment Order is devoid of any recommendation that the sentence imposed run concurrent with any other sentence.

Pursuant to U.S.S.G. § 5G1.3(c) "[i]n any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

Title 18, United States Code, Section 3585(b) governs a defendant's credit-for-prior-custody determination and provides that a defendant shall be given credit for time served in official detention prior to the date his sentence commences where either (1) the time

spent in custody resulted from the offense for which the sentence was imposed or (2) the time spent in custody resulted from another charge, which the defendant committed after he was arrested on the offense for which he was sentenced. 18 U.S.C. § 3585(b). In both cases, credit for time served will not be granted where the time in custody was credited against another offense. *Id.* In the context of determining whose custody a particular defendant is in, a "federal detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law." **Thomas v. Whalen**, 92 F.2d 358, 359 (4th Cir. 1992). In this case, it is clear that the time served in the Eastern Regional Jail was being credited toward the defendant's six (6) month and one (1) day sentence on the unrelated state charges of Battery of an Officer (Case No: 06M-4827), and Obstructing an Officer (Case No.: 06M-4828), both of which offenses occurred prior to the arrest on the instant federal offense. Accordingly, 18 U.S.C. § 3585(b) does not apply.

Further, in regard to the applicable law, the BOP has broad authority in implementing the sentence imposed by the Court. For instance, it is the BOP, and not the district judge, that has the authority to determine when a sentence is deemed to commence and whether the defendant should receive credit for time spent in prior custody. **United States v. Pinevro**, 112 F.3d 43, 45 (2d Cir. 1997); **Mixon v. Paul**, 175 F.2d 441 (4th Cir. 1949). In regard to commencement, a federal sentence cannot begin to run prior to the date it is pronounced, even where the sentence is made concurrent with a sentence already being served. **United States v. Flores**, 616 F.2d 840 (5th Cir. 1980). In applying the above standards to the case at bar, it is clear that the defendant's motion must fail. Here,

defendant's belief that the BOP is improperly implementing his sentence is misplaced.  In fact, the defendant's federal sentence could not have been made to run concurrent with his state sentence stemming from his Battery of an Officer (Case No: 06M-4827), and Obstructing an Officer (Case No.: 06M-4828).  Similarly, the time spent in custody for those offenses could not properly be credited toward his federal sentence because that time was "credited against another sentence,"  18 U.S.C. § 3585(b), and because the detainer did not affect the defendant's state-custody status.  ***Thomas v. Whalen***, 92 F.2d 358, 359 (4th Cir. 1992).  Again, this is evidenced by the fact that this Court could not release the defendant on bond until April 19, 2007, which represents the date he completed his six (6) month, one (1) day sentence on the unrelated state charges.

For the foregoing reasons, the defendant's letter Motion for Credit for Time Served on State Sentence **[Doc. 50]** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the defendant and all counsel of record.

**DATED**: February 3, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE